# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| Kelley Communication Company, Inc., a Nevada corporation, | Case No.: | 2:07-CV-00235-JCM-PAL |
|---|---|---|
| Plaintiff, | Date: | N/A |
| | Time: | N/A |
| v. | | |
| Ribbonlift, Inc., a Minnesota corporation, and DOES I through V, ROE CORPORATIONS VI through X, inclusive, | | |
| Defendant. | | |

**ORDER**

Presently before the court is plaintiff's motion for reconsideration of order denying partial summary judgment (#39) filed on March 10, 2008. Defendant filed its motion in opposition (#42) on March 28, 2008, to which plaintiff filed a reply (#46) on April 10, 2008.

On December 11, 2007, plaintiff filed a motion for partial summary judgment seeking to establish defendant's liability for damages. This court entered an order denying plaintiff's motion for partial summary judgment on February 21, 2008, because plaintiff failed to submit properly authenticated evidence in support of its motion for summary judgment, as required by *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

Plaintiff now moves the court to reconsider its order under Federal Rule of Civil Procedure 60(b), which provides relief from an order on the grounds of mistake, inadvertence, surprise, or

**James C. Mahan**
**U.S. District Judge**

1  excusable neglect.  Plaintiff asserts its mistaken omission of the court reporter's certification
2  provides sufficient basis for reconsideration.

3  While the court disagrees with plaintiff's argument, reconsideration is warranted due to an
4  oversight made by the court.  In *Orr*, the court held that "when a document has been authenticated
5  by a party, the requirement of authenticity is satisfied as to that document with regards to all parties,
6  subject to the right of any party to present evidence to the ultimate fact-finder disputing its
7  authenticity." *Id.* at 776.

8  Here, in defendant's opposition to plaintiff's motion for partial motion for summary
9  judgment, defendant provided the entire deposition of David Paine, including the court reporter's
10 declaration, along with the invoice between the parties and the website printouts.  When defendant
11 submitted its evidence to the court, it properly authenticated all three pieces of evidence.  However,
12 defendant filed its exhibits separate from its opposition.  The court failed to recognize defendant
13 submitted the same evidence as plaintiff.  As in *Orr*, plaintiff's submission was not properly
14 authenticated, but the court should have deemed it admissible because the opposing party properly
15 authenticated and submitted it.

16 Therefore, the court grants plaintiff's motion for reconsideration of its motion for partial
17 summary judgment, and will set the plaintiff's motion for hearing.

18 Having reviewed all relevant documents in this matter, and pursuant to Fed. R. Civ. P. 60(b),
19 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
20 reconsideration of order denying partial summary judgment (#39), be and the same hereby is,
21 GRANTED.

24 DATED April 25th, 2008.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -